**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A. McCoy,<br><br>    Plaintiff,<br><br>v.<br><br>Social Security Administration,<br><br>    Defendant. | No. CV15-0344-PHX-DGC<br><br>**ORDER** |

On February 25, 2015, pro se Plaintiff Michael A. McCoy filed a complaint against the Social Security Administration. Doc. 1. The Court screened the complaint and dismissed it without prejudice for failure to state a claim, but allowed Plaintiff to file an amended complaint. Plaintiff filed an amended complaint on May 11, 2015. The Court has screened Plaintiff's amended complaint and will dismiss it without prejudice for failure to state a claim.

**I. Legal Standard.**

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions couched as factual allegations are not given a presumption of

truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

## II.     Plaintiff's Complaint.

Plaintiff sues the Social Security Administration ("SSA").[1] Plaintiff appears to assert that the SSA violated a "treaty or agreement" between the United States and Germany and the Thirteenth and Fourteenth Amendments by "refus[ing] to comply with a system set up to protect against lost retirement credits of a US citizen (myself) while working abroad." Doc. 7 at 1-2. Plaintiff seeks an award of credits he allegedly earned while working in Germany, as well as $200,000 in punitive damages. *Id.*

The amended complaint does not satisfy federal pleading requirements. The complaint does not identify the "treaty or agreement" under which he sues, does not explain the "system" he alleges was established to protect him, and does not identify the cause of action that exists under the treaty or agreement. The amended complaint does not cite the Social Security Act's judicial review provision or demonstrate compliance with its requirements for obtaining judicial review of SSA decisions. *See* 42 U.S.C. § 405(g). And to the extent the amended complaint asserts constitutional claims, they are foreclosed by Supreme Court precedent. *See Schweiker v. Chilicky*, 487 U.S. 412 (1988) (there is no constitutional cause of action where an applicant alleges that the SSA unconstitutionally withheld disability benefits). The Court will dismiss Plaintiff's amended complaint for failure to state a claim.

/ / /

---

[1] This case was designated as an action for review of a determination of the Commissioner of the Social Security Administration, but the Court finds nothing in Plaintiff's complaint suggesting he seeks such review. The Court therefore will not place this case on an expedited track.

- 2 -

### III. Leave to Amend and Plaintiff's Obligations.

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Although Plaintiff has twice failed to state a claim, the Court will permit him one final opportunity to file an amended complaint. Plaintiff shall file his second amended complaint on or before **November 20, 2015.**

Plaintiff is again advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). If Plaintiff chooses to file an amended complaint asserting constitutional violations by federal or state officials, his pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, how each defendant contributed to the violation, and what injury was caused by each alleged constitutional violation. Such factual allegations must provide enough information to "allow[ ] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court

order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's amended complaint (Doc. 7) is **dismissed without prejudice**.
2. Plaintiff shall have until **November 20, 2015** to file an amended complaint.
3. The Clerk of Court shall terminate this action without further order of the Court if Plaintiff fails to file an amended complaint on or before **November 20, 2015**.

Dated this 22nd day of October, 2015.

_____
David G. Campbell
United States District Judge