**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A McCoy, | No. CV-15-00344-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

Defendant moves to dismiss this action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  Doc. 21.  Plaintiff files a response.  Doc. 22.  No party requests oral argument.  The Court will grant the motion.

**I.      Background.**

On August 17, 2010, Defendant denied Plaintiff's claim for disability insurance benefits.  *Id.* at 2.  On December 9, 2011, at Plaintiff's reconsideration hearing, an administrative law judge reversed and forwarded Plaintiff's claim for processing.  *Id.*  On June 16, 2012, Defendant sent Plaintiff a Notice of Award informing him he was entitled to disability insurance benefits.  *Id.*  Upon Plaintiff's request, Defendant conducted a review of Plaintiff's benefits calculation.  *Id.*  On July 22, 2012 Plaintiff received notice that upon review, Defendant found the first decision's calculation to be correct..  *Id.*  The July 22, 2012 notice also informed Plaintiff that, if he disagreed with the decision, he had the right to request a hearing before an ALJ and he had 60 days from the date he received

1    the letter to make the request.  *Id.*  No evidence suggests Plaintiff made such a request.

2    *Id.*  On February 25, 2015, Plaintiff filed this action.  Doc. 1.

3    **II.    Analysis.**

4        "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for*

5    *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the

6    challenger asserts that the allegations contained in the complaint are insufficient on their

7    face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger

8    disputes the truth of the allegations that, by themselves, would otherwise invoke federal

9    jurisdiction."  *Id.*  Where, as here, Defendant factually challenges the assertion of

10   jurisdiction, the court may consider evidence extrinsic to the complaint.  *Robinson v.*

11   *United States*, 586 F.3d 683, 685 (9th Cir. 2009).  Plaintiff bears the burden of

12   establishing subject matter jurisdiction by a preponderance of the evidence.  *Id.*

13       A federal district court has jurisdiction to review a final decision of Defendant

14   made after a hearing to which the plaintiff was a party.  42 U.S.C. § 405(g); 42 U.S.C. §

15   1383(c)(3).  No findings of fact or decision by Defendant may be reviewed except as

16   provided under 42 U.S.C. § 405(g).  42 U.S.C. § 405(h).  If the requirements of § 405(g)

17   are not satisfied, a federal district court may have subject jurisdiction only over a

18   "colorable constitutional claim" asserted by the plaintiff.  *Califano v. Sanders*, 430 U.S.

19   99, 109 (1977).  Plaintiff has made no constitutional claim.

20       Plaintiff has made no assertion and presented no evidence that Defendant has

21   made a reviewable final decision.  *See* Docs. 1, 22.  Plaintiff has made no assertion and

22   presented no evidence that he requested a hearing to challenge the determination of the

23   amount of his benefits.  *Id.*  Plaintiff's one-page response states only that "Rule 103 on

24   evidence in SSA attorney letter dating July 22 2016, which I never received, did not give

25   me the chance to go before a administrative law judge to question the amount of benefit

26   paid to me."  Doc. 22.

27       Plaintiff has failed to meet his burden of establishing subject matter jurisdiction by

28   a preponderance of the evidence.  *Robinson*, 586 F.3d 685.  Accordingly, the Court will

1    grant Defendant's motion to dismiss.

2           **IT IS ORDERED:** Defendant's motion to dismiss for lack of subject matter

3    jurisdiction (Doc. 21) is **granted**.  The Clerk is directed to terminate this matter.

4           Dated this 2nd day of November, 2016.

5

6

7

8    _____

9                                     David G. Campbell
                                      United States District Judge

10